1`

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV112-03-MU

RICCARDO DARNELL JONES, )
Plaintiff, )
v. )
OFFICER R. TRAVIS )
Defendant. )

**O R D E R**

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Document No. 1) filed on September 30, 2008.

In his Complaint, Plaintiff alleges that on August 19, 2008 Defendant Officer Travis came to his cell to search his cell and "sexually assaulted[ him by] repeatedly touching his buttock." (Complaint at4.) First, the Court questions whether this conclusory claim is sufficient to state a claim for relief. Next, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance

proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, shortly after filing his Complaint, Plaintiff filed a Verified Statement indicating that he "filed a grievance and documents and affidavit to the Director of Prison and the Facility Superintendents but they have fail to address my grievance which was filed 8-2-08." (Doc. No. 3.) Therefore, as admitted by Plaintiff, his grievance has not yet made its way through the three step grievance process. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the face of Plaintiff's Complaint and Verified Statement that he has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice. Anderson v. XYZ Correctional, 407 F.3d 674, 682 (2005).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failing to fully exhaust his administrative remedies prior to filing his Complaint

**SO ORDERED**.

Signed: October 17, 2008

Graham C. Mullen
United States District Judge